UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-28-TWP-DCP |
| | ) | |
| JAMES WOLFF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case came before the undersigned on October 18, 2018, for a competency hearing and status conference. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney Robert R. Kurtz represented the Defendant, who was also present. By way of background, the Court observes that on August 9, 2018, it ordered [Doc. 30] the Defendant to submit to a local, outpatient mental evaluation of his competency to stand trial.

The Court and the parties have received the fourteen (14)-page Forensic Evaluation report [Doc. 31, SEALED] by Clinical Psychologist Andrew H. Demick, Psy.D. Although Dr. Demick opines that he needs more data to make a firm diagnosis, he finds that the Defendant meets the diagnostic criteria for Mood and Anxiety Disorders. Despite significant mental health problems, Dr. Demick concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and can properly assist in his defense. The parties stipulated to Dr. Demick's report, and neither the Government, nor Defendant Wolff, sought to offer any other evidence for the Court to consider on the issue of the Defendant's competency. Based upon Dr. Demick's report and pursuant to 18 U.S.C. § 4241(d), the Court finds by a

preponderance of the evidence that Defendant Wolff is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in his defense. Accordingly, the Court finds that the Defendant is **COMPETENT** to proceed to trial.

On the morning of the competency hearing, Defendant Wolff filed a Motion to Continue Trial and Other Deadlines [Doc. 33], asking the Court to reset the November 6, 2018 trial date in this case to give the parties time to research the consequences of a potential resolution. At the hearing, Mr. Kurtz stated that the parties need additional time to review potential collateral consequences of a plea agreement. He also asked the Court to allow the Government four to six weeks to file responses to the Defendant's pending motions, in order to allow the parties to pursue negotiations before litigating the pretrial motions. Mr. Kurtz agreed that there is insufficient time to litigate the pretrial motions, one of which is a dispositive motion that will require a report and recommendation as well as time for objections, before the current trial date. He also noted that the Government would likely need to present a witness from Nashville at the motion hearing.

AUSA Svolto stated that the Government does not object to the requested continuance. She stated that the parties had only recently received Dr. Demick's report. She confirmed that the parties were attempting to resolve the case without a trial and asked for up to six weeks in which to file responses to the pretrial motions. The parties agreed on a new trial date of March 12, 2019.

The Court finds the Defendant's motion to continue the trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court finds that all the time between the Defendant filing a motion for a competency evaluation [Doc. 20] on August 1, 2018, and the competency hearing on October 18, 2018, to be fully excludable under the Speedy Trial

Act, because the Defendant was undergoing an examination to determine his competency to proceed. *See* 18 U.S.C. § 3161(h)(1)(A). Additionally, the Defendant has filed three pretrial motions, including a motion to dismiss one count of the Indictment. The Government asked and was permitted to delay responding to these motions, while the Defendant was undergoing a mental evaluation. The Court finds that the Government needs time to respond to the pending motions. Following a hearing on the motions, the Court will need time, not to exceed thirty days, to rule on the motions and to prepare a report and recommendation on the dispositive motion. *See* 18 U.S.C. § 3161(h)(1)(H). Thereafter, the parties will need time to file any objections, and the District Judge will need time to rule on the motion to dismiss in light of the report and objections. *See* 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial. The Court finds that all of this cannot occur before the November 6 trial date or in less than five months. Accordingly, the Court finds that the failure to grant the requested continuance would deny counsel the reasonable time necessary to prepare for trial effectively, taking into account counsel's use of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion to continue the trial [**Doc. 33**] is **GRANTED**, and the trial is reset for **March 12, 2019**. The Court also finds that all the time between the filing of the motion for a competency evaluation on August 1, 2018, and the new trial date of March 12, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(A), -(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, Government's deadline for responding to the pending pretrial motions is **November 15, 2018**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **November 27, 2018, at 10:30 a.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **February 12, 2019**. The Court instructs the parties

3

that all motions *in limine* must be filed no later than **February 25, 2019**. The Court set a final pretrial conference for **February 26, 2019, at 2:00 p.m.** Special requests for jury instructions shall be submitted to the District Judge no later than **March 1, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant is **COMPETENT** to proceed to trial;

(2) The trial of this matter reset to **March 12, 2019**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of a motion for competency evaluation on **August 1, 2018**, and the new trial date on **March 12, 2019**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) The Government shall respond to pretrial motions on or before **November 15, 2018**;

(5) The parties are to appear for a motion hearing on all pending pretrial motions on **November 27, 2018, at 10:30 a.m.**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery is **February 12, 2019**;

(7) Motions *in limine* must be filed no later than **February 25, 2019**;

(8) The parties are to appear before the undersigned for a pretrial conference on **February 26, 2019, at 2:00 p.m.**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **March 1, 2019**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge