IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:18-CR-28-TWP-DCP |
| JAMES WOLFF, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on April 25, 2019, for a motion hearing on the Motion to Withdraw as Counsel of Record [Doc. 54], filed by Attorney Robert R. Kurtz, defense counsel for Defendant James Wolff and referred [Doc. 55] to the undersigned on April 16, 2019. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Ann-Marie Svolto represented the Government. Mr. Kurtz appeared with Defendant Wolff, who was also present.

In the Motion to Withdraw, Mr. Kurtz states that he has represented the Defendant since March 22, 2018. Mr. Kurtz relates that a breakdown in communication between the Defendant and himself has caused irreparable damage to the attorney-client relationship. This irreconcilable conflict warrants the substitution of counsel. Additionally, Mr. Kurtz submits that an actual conflict of interest has developed as well. Mr. Kurtz asks the Court to consider the appointment of new counsel to represent the Defendant.

At the motion hearing, Mr. Kurtz was not able to elaborate on his motion in open court. The Court conducted a sealed, *ex parte* hearing with the Defendant and Mr. Kurtz in order to learn the nature and extent of the problems with the attorney-client relationship. Based upon the

representations of Mr. Kurtz and the Defendant during the sealed portion of the hearing, the Court finds that the Defendant and Mr. Kurtz have experienced a breakdown in communication that cannot be repaired. The Court also finds that a potential, actual conflict exists in this case. Accordingly, the Court finds good cause to permit Mr. Kurtz to withdraw as counsel of record. Defense counsel's Motion to Withdraw as Counsel of Record [**Doc. 54**] is **GRANTED**, and Attorney Kurtz is **RELIEVED** as counsel for Defendant Wolff. Mr. Kurtz is **DIRECTED** to provide any discovery and the information from the Defendant's file to new counsel.

The Court recognizes Defendant Wolff's need to be represented by conflict-free counsel. *Glasser v. United States*, 315 U.S. 60, 70 (1942) (holding that the Sixth Amendment right to counsel encompasses the right to have an attorney without a conflict), *superseded by rule on another issue Bourjaily v. U.S.*, 483 U.S. 171, 181 (1987). Defendant Wolff asks for court-appointed counsel. The undersigned has reviewed Defendant Wolff's financial affidavit, as well as financial information contained in the Presentence Investigation Report [Doc. 50], and finds that he qualifies for appointed counsel. Attorney Mark E. Brown was present at the hearing and agreed to represent Defendant Wolff in this case. Accordingly, the Court hereby **SUBSTITUTES** and **APPOINTS** Mr. Brown as counsel of record for Defendant Wolff pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. The Court advised Mr. Brown that a sentencing hearing before District Judge Phillips is scheduled for **July 10, 2019**.

Accordingly, it is **ORDERED**:

(1) Attorney Robert R. Kurtz's Motion to Withdraw as Counsel of Record [**Doc. 54**] is **GRANTED**. Mr. Kurtz is permitted to **WITHDRAW** and is **DIRECTED** to provide new defense counsel with the discovery and information from the Defendant's file as soon as possible; and

(2) Attorney Mark E. Brown is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant Wolff pursuant to the CJA.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge